# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John A. Nordberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 1277 | **DATE** | 11/30/2012 |
| **CASE TITLE** | Linda Kobler vs. Illinois Dept. Human Services *et al*. | | |

**DOCKET ENTRY TEXT**

Defendants' Motion to Strike and/or Dismiss Portions of Plaintiff's Complaint [22] is denied.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

    Plaintiff Linda Kobler has worked as a registered nurse for defendants at a mental health facility in Rockford, Illinois. (Cmplt. ¶¶ 11, 18.) She has worked there for 38 years, and is apparently still employed. (*Id.*) Defendants are several Illinois agencies and certain individuals in charge of those agencies who are being sued in their official capacities. Plaintiff alleges that, since approximately August 2009, she has made defendants aware that she has asthma, "which is triggered by strong or offensive perfumes and other fragrances." (¶ 1.) She often has to leave the nurses' station and use an inhaler, especially when one particular colleague is around. (¶¶ 1, 20.) Beginning in October 2009, plaintiff asked defendants for a reasonable accommodation, including the institution of a restrictive fragrance policy. She alleges that defendants failed to accommodate her, by proposing inadequate alternative solutions, and ultimately retaliated against her by attempting to put her on the night shift and by lowering her performance evaluation. (¶ 2.) She asserts a single claim pursuant to Section 504 of the Rehabilitation Act, 29 U.S.C. § 794.

    Before the court is defendants' motion, pursuant to Rule 12(b)(6), to strike and dismiss portions of the complaint. In considering a Rule 12(b)(6) motion, we must take the allegations of the complaint as true and draw all reasonable inferences in plaintiff's favor. *Pisciotta v. Old Nat. Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007). Although the plaintiff need not plead particularized facts, the plaintiff must set forth enough facts to pass the plausibility standard set forth by the Supreme Court in *Twombly* and *Iqbal*. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *McCauley v. City of Chicago*, 671 F.3d 611, 615 (7th Cir. 2011). The decree of specificity required depends on context and "is not easily quantified." *Id.* at 616-17.

    Defendants raise five arguments. One of them, an argument concerning confidentiality, has been resolved through the briefing process with plaintiff agreeing that this portion of her claim (¶ 64) is not viable because it pertains only to a potential violation that did not occur. (Pl. Resp. at 2.). We address the remaining four arguments.

| STATEMENT |
|---|

First, defendants argue that discriminatory acts occurring before February 23, 2010 are barred under the applicable two-year statute of limitations. (Plaintiff does not dispute that the limitations period is two years.) As noted above, plaintiff first began seeking an accommodation in October 2009. However, according to the complaint, this process dragged out for almost a year with plaintiff still pursuing her accommodation request through the spring, summer, and fall of 2010. Plaintiff argues that defendants' actions were part of a pattern of conduct that continued into the limitations period. She seeks to rely on the continuing violation doctrine to salvage the time-barred acts. (Pl. Resp. at 3, citing *Nat'l R.R. Passenger Corp. v. Morgan*,536 U.S. 101, 114 (2002).) Plaintiff points out that after she initially sought an initial accommodation, she was persuaded to withdraw her request and later was told to re-submit a written request, which she did in February 2010, and that this request was not finally ruled upon later in the year. (Pl. Resp. at 5.) Defendants assert that the continuing violation doctrine cannot apply because plaintiff made "repeated requests for the same accommodation." (Defs. Reply at 3.)

While we understand defendants' concern about applying the continuing violation doctrine to what could turn out to be easily identifiable discrete acts, thus potentially violating *Nat'l R.R. Passenger Corp. v. Morgan,* we find that it is too early to assess this argument. Each side characterizes the allegations differently. Was this one request, made the same way multiple times, with each request being rejected clearly and definitively, as defendants contend? *See, e.g.,* Defs. Reply at 4 (referring to plaintiff's "thrice denied" requests). Or did plaintiff make one long drawn-out request that was never definitively acted upon until the summer of 2010? For example, defendants state as a fact that plaintiff's first request was denied on December 2, 2009. (*Id.* at 4.) This factual claim is based on Paragraph 29 of the complaint. But this paragraph is ambiguous about whether defendants definitively rejected the request. The paragraph states, in full: "On or about December 2, 2009, Defendants responded to [plaintiff's] request that it had no action to take due to Plaintiff's withdrawn request." It is not clear why plaintiff withdrew her request or whether this should be intepreted as an outright rejection of her request. In short, the facts are in dispute. Moreover, even if we were to conclude that some acts were untimely, we would not strike those allegations because they may serve as evidence for the timely claims, providing background and context.

Second, defendants seek to dismiss the individual defendants named in their official capacities. Defendants in their opening brief argue that courts have "routinely and unequivocally held that Section 504 of the Rehabilitation Act does not provide liability for individual defendants in their indiviudal or official capacities." (Def. Br. Br. at 6-7.) Plaintiff disagrees, arguing that the Seventh Circuit has ruled otherwise. (Pl.. Resp. at 6, citing *Bruggeman v. Blagojevich*, 324 F.3d 906, 912 (7th Cir. 2003).) Plaintiff argues that state officials are proper defendants under *Ex Parte Young*, which permits state officials to be sued for prospective injunctive relief. *See* Pl. Resp. at 6, citing *Ameritech Corp. v. McCann*, 297 F.3d 582, 587 (7th Cir. 2002); *see also Novak v. Bd. of Trustees of Southern Ill. Univ.*, 2012 WL 5077649, *3 (S.D. Ill. Oct. 18, 2012) ("The Seventh Circuit has found that suits against individuals in their official capacity for prospective injunctive relief under the Rehabilitation Act are authorized."). In their reply, defendants appear to concede this latter point, except that they argue plaintiff must show that the individuals have "some connection" to the acts alleged in the complaint. (Defs Reply at 7.) This argument is a fact question that can be addressed later on a motion for summary judgment.

Third, defendants argue that plaintiff has failed to sufficiently plead that she is a qualified individual with a disability. They argue that her asthma cannot qualify as substantially limiting if it is only triggered when she is exposed to a fragrance. (Defs. Br. at 8.) To support this argument, defendants cite to several cases holding that an intermittent flare-up is not enough to render a condition substantially limiting. (*Id.*) This argument is unpersuasive for several reasons. For one thing, it is difficult to assess the seriousness and frequency of a condition on a motion to dismiss where the complaint contains only a few short descriptions. This point is undescored by the fact that all of the defendants' supporting cases – *Ammons-Lewis*, *Moore*, *Jones*, and *McLorn* (at pp. 8-9)– were decided on motions for summary judgment. In addition, as plaintiff persuasively points out in her response brief, defendants' cases were decided before the ADA Amendments

| STATEMENT |
|---|

Act of 2008 expanded the definition of disability. Plaintiff also argues that, following the 2008 amendments, courts have found episodic conditions to be covered if they would substantially limit a life activity when those conditions were active. (Pl. Resp. at 9.) In their reply brief, defendants do not address these arguments, thereby implicitly conceding that plaintiff's allegations are sufficient at the motion to dismiss stage.

    Fourth, defendants argue that plaintiff's proposed accommodation of a scent-free workplace is objectively unreasonable and poses an undue hardship. Again, these arguments depend on facts which are either undeveloped or disputed. There is a dispute over whether plaintiff was requesting a merely a "restrictive fragrance policy" or a scent-free policy. (Defs. Br. at 10; Pls. Resp. at 12.) Also, it is unclear whether plaintiff's request related merely to one smaller unit within a larger workplace. (*Id.*) Moreover, part of plaintiff's claim is that the defendants failed to fully engage in the interactive process to find possible alternative solutions. Plaintiff mentions other possible solutions, such as sending an email requesting that employees refrain from using scents. (*Id.*) As for hardship, defendants believe that a scent-free workplace would be unreasonable because, among other things, some patients need scented medications and because visitors would not be bound by the policy. (Defs. Br at 10.) While these arguments ultimately may have merit, they are premature on a motion to dismiss because they require an assessment of numerous facts that are not a part of the complaint. This point is again evidenced by the fact that defendants generally cite to cases addressing summary judgment motions. *See* Def. Br. at 9-10.

    In conclusion, all these arguments may be raised later, if appropriate, on a motion for summary judgment. With the Magistrate Judge's assistance, the parties should proceed with discovery.